IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LAWRENCE ANTHONY BRANNEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-053 |
| | ) | |
| WILLIAM L. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 16.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff provided dishonest information about his filing history. (Doc. no. 14.) Plaintiff concedes he filed the undisclosed case identified by the Magistrate Judge, (doc. no. 16, p. 3), and nothing in the objections describing Plaintiff's interpretation of the complaint form changes the conclusion the case is due to be dismissed.

Plaintiff starts by arguing this case was filed to challenge an allegedly unlawful seizure, not as a challenge to his conditions of confinement. (Id. at 1-2.) The Magistrate Judge did not recommend dismissal based on the type of claim in the current case. Rather, he recommended dismissal based on the failure to disclose a prior case, Brannen v. Handshumaker, CV 610-083 (S.D. Ga. Sept. 1, 2010). Plaintiff goes on to assert he was not

required to identify the prior case because, similar to the instant case, he was challenging the search and seizure that led to his conviction for drug possession, which he did not believe qualified as a "condition of imprisonment" as listed on the complaint form. (Doc. no. 16, p. 2.) However, examination of the complaint in Handshumaker reveals that in addition to challenging a search and seizure, he alleged he had been subject to cruel and unusual punishment in violation of his Eighth Amendment rights and that his incarceration had caused him emotional distress. CV 610-083, doc. no. 1, p. 6. The affidavit submitted with the complaint also alleged Plaintiff encountered drug abuse while incarcerated, which caused him stress and mental anxiety. Id., doc. no. 3, p. 2. Thus, as the Magistrate Judge concluded, Plaintiff's prior, undisclosed case did raise challenges regarding conditions of imprisonment that flowed from an allegedly improper search and seizure.

However, even if the Court were to presume Plaintiff's failure to disclose his prior case was not a dishonest representation of his prior filing history of a case related to conditions of imprisonment, the case is due to be dismissed for another reason. As the Magistrate Judge pointed out, Plaintiff cannot use a § 1983 case to challenge the validity of his current confinement, a challenge which is the province of habeas corpus. (Doc. no. 14, p. 5 & n.1 (citing Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*)). Indeed, Plaintiff contends Defendant, the investigator who arrested Plaintiff, should compensate him if he is not convicted, to include compensation for each day Plaintiff is "incarcerated for baseless arson accusations." (Doc. no. 13, p. 16.) Plaintiff's case fits well within the parameters of Heck v. Humphrey, 512 U.S. 477, 486 (1994), which prohibits a §1983 claim for damages based on

2

claims of an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless the conviction or sentence has been reversed or otherwise terminated in Plaintiff's favor. See also Thompson v. Clark 142 S. Ct. 1332, 1335 (U.S. Apr. 4, 2022) (explaining favorable termination rule).

Indeed, at this point, while his underlying state case is pending,[1] Plaintiff cannot show actual compensable injury, as he appears to concede by pinning his requested relief to a trial outcome that would result in his release, and it further appears he has the opportunity to challenge his allegedly unlawful arrest in his ongoing state criminal proceedings. See Doby v. Strength, 758 F.2d 1405, 1405-06 (11th Cir. 1985) (*per curiam*) (ordering abstention under Younger v. Harris, 401 U.S. 37 (1971), where plaintiff raised Fourth Amendment claim for damages under § 1983 while state criminal proceedings ongoing); see also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) (agreeing federal courts should not intervene in ongoing state criminal proceedings where there is ample opportunity to raise constitutional challenges in state court). Finally, to the extent Plaintiff's allegations could be liberally construed as raising a malicious prosecution claim for arresting Plaintiff when he refused to cooperate during voluntary questioning by Defendant, that, too, fails.[2] An essential element of such a claim is that the underlying criminal proceedings terminate in Plaintiff's favor. See Wallace v. Kato, 549 U.S.

---

[1]State v. Brannen, Case No. 2020 RCCR01170 (Richmond Cnty. Sup. Ct. Dec. 1, 2020, 2021), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Brannen, Lawrence" last visited June 24, 2022), attached Ex. A.

[2]Plaintiff alleges, "The charge of arson [was] an intentional and malicious overreach by the defendant who abused his authority as a state employee." (Doc. no. 13, pp. 13-14.)

3

384, 392 (2007). As Plaintiff's criminal case is pending, he cannot satisfy an essential element of a malicious prosecution claim.

In sum, the Court **OVERRULES** all of Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **RELIES** on the additional analysis above as further justification for dismissal of the case. Therefore, the Court **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process and because it fails to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this 27th day of June, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Case 1:22-cv-00053-JRH-BKE   Document 17   Filed 06/27/22   Page 5 of 5

| | | | BRANNEN, LAWRENCE ANTHONY | | JOHN FLYTHE | | OP | 12/1/2020 | 1/15/2021 |
|---|---|---|---|---|---|---|---|---|---|
| | 2020RCCR01170 | | | | | | | | |

## Charges

| Charge # | Violation code | Offense | Offense Date | Disposed On | Disposition Method | Disposition Stage | Arrest Date | Felony/Misdemeanor |
|---|---|---|---|---|---|---|---|---|
| 1 | 16-7-60(C) | ARSON FIRST DEGREE | 3/11/2020 | | | | 3/18/2020 | F |
| 2 | 16-7-60 | ARSON IN THE FIRST DEGREE | 3/11/2020 | | | | 3/18/2020 | F |

## Attorneys

| Name | Represents |
|---|---|
| BERKSHIRE , PATRICK | D |
| DAVIS , J. KYLE | S |

## Proceedings/Events

| Date | Court Date | Type |
|---|---|---|
| 12/1/2020 | | EIGHTH ORDER EXTENDING DECLARATION OF STATEWIDE JUDICIAL EMERGENCY |
| 12/1/2020 | | INDICTMENT |
| 12/10/2020 | | DEFENDANT'S LETTER |
| 12/18/2020 | 12/18/2020 09:00AM | ARN ARRAIGNMENT CALENDAR |
| 1/15/2021 | | STATE'S DEMAND FOR DISCOVERY |
| 1/15/2021 | 01/15/2021 09:00AM | ARN ARRAIGNMENT CALENDAR |
| 9/8/2021 | 09/08/2021 09:00AM | CALENDAR CALL |
| 10/15/2021 | | ENTRY OF APPEARANCE AND MOTION TO WITHDRAW |
| 11/23/2021 | | DEFENDANT'S LETTER |
| 12/9/2021 | | EFILED NOTICE OF DEFENDANT'S ELECTION TO PROCEED UNDER O.C.G.A SECTION 17-16-1 ET SEQ. AND CONSOLIDATED MOTIONS AND DEAMDNS FOR DISCOVERY STATEMENTS, SCIENTIFIC REPORTS, AND OTHER ENUMERATED MOTIONS |
| 1/11/2022 | | APPLICATION FOR LEAVE OF ABSENCE RE PATRICK A. BERKSHIRE |
| 2/15/2022 | | STATE'S DISCOVERY RESPONSES PURSUANT TO OCGA 17-16-1 ET SEQ. |
| 2/16/2022 | 02/16/2022 09:00AM | CCL CALENDAR CALL |
| 3/4/2022 | | DEFENDANT'S LETTER |
| 4/21/2022 | | APPLICATION FOR LEAVE OF COURT (PATRICK BERKSHIRE) |
| 5/9/2022 | | ORDER DENYING MOTION FOR BOND RECONSIDERATION |
| 6/13/2022 | | APPLICATION FOR LEAVE OF COURT RE PATRICK BERKSHIRE |

Exhibit A